UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JASON MICHAEL MIDDLETON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LESTER TYLER, )<br>WEXFORD OF INDIANA, )<br>)<br>Defendants. ) | No. 2:21-cv-00133-JPH-DLP |

**ENTRY SCREENING COMPLAINT, DISMISSING DUPLICATIVE CLAIM, AND DIRECTING SERVICE OF PROCESS**

**I. Screening of Complaint**

**A.**   *Legal Standards*

Plaintiff Jason M. Middleton is a prisoner confined at Putnamville Correctional Facility ("Putnamville"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

### B.     *Allegations and Discussion*

The complaint names two defendants: 1) Lester Tyler; and 2) Wexford of Indiana ("Wexford"). For relief, Mr. Middleton seeks compensatory and punitive damages.

Mr. Middleton alleges that on September 21, 2019, he submitted a medical request to be seen by a dentist because he had three broken teeth. The broken teeth caused him extreme pain and the inability to sleep and eat. He was not called to medical until three weeks later. A nurse told him Putnamville had been without a dentist since July and that the part-time dentist Dr. Tyler was making everybody wait six (6) to eight (8) weeks. She further told him that according to policy 2.33A, they had six (6) weeks to treat him, and he would just have to wait his turn. Mr. Middleton further alleges that Dr. Tyler made 16 notes in his medical record since October 10, 2019, indicating that he was aware of Mr. Middleton's numerous complaints of severe pain, but failed to see him until two months later.

Mr. Middleton also brings a policy and practice claim against Wexford for the delay in providing dental treatment, but that same claim is already proceeding in *Middleton v. Franco and Wexford,* 2:20-cv-0110-JPH-MJD. That action is at the summary judgment stage. There is no basis on which to have the same claim proceeding in two different actions. The claim against Wexford is **dismissed as duplicative.** *See McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888–89 (7th Cir. 2012) (a district court has "broad discretion to dismiss a complaint" if it duplicates another federal case, such as when the "claims, parties, and available relief do not significantly differ between the two actions.") (internal quotation omitted).

Mr. Middleton brings his claim against Dr. Tyler for deliberate indifference to a serious medical need under the Eighth Amendment to the Constitution. This Eighth Amendment claim **shall proceed.**

These are the claims the Court discerns in the complaint. If Mr. Middleton believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through May 17, 2021,** in which to identify those claims.

## II. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Dr. Lester Tyler, in the manner specified by Rule 4(d). Process shall consist of the complaint filed on March 8, 2021 (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**The clerk is directed to terminate** Wexford of Indiana as a defendant on the docket.

**SO ORDERED.**

Date: 4/28/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON MICHAEL MIDDLETON, 158480
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

DR. LESTER TYLER
MEDICAL EMPLOYEE
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135